ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LACY ANTHONY MITCHELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 106-163 |
| FELISHA RENEE' POTTER, et al., | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff was incarcerated at the Charles B. Webster Detention Center, in Augusta, Georgia, at the time he filed the above-captioned complaint, ostensibly brought pursuant to 42 U.S.C. § 1983. (Doc. no. 1). Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this, and several other pending cases. Previously, Plaintiff submitted an undated letter to the Clerk's Office, which was received November 20, 2006. In this letter, Plaintiff stated that he wished to dismiss two of his cases which are currently pending before the Court, the instant action and Mitchell v. Strength, 106-cv-114 (S.D. Ga. July 13, 2006). Because Plaintiff's request to dismiss these actions was ambiguous, on November 22, 2006, the Court directed Plaintiff to clarify his intentions regarding these pending actions within (10) days. Mitchell v. Strength, 106-cv-175, doc. no. 4 (S.D. Ga. Nov. 22, 2006).

Plaintiff's service copy of the Court's November 22, 2006 Order was returned and marked, "This Inmate is no Longer at the Charles B. Webster Detention Center." Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court

with an address where he can be reached has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case.[1] This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is a not feasible sanction.

---

[1] The Court's November 9, 2006 Order explicitly stated, "Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 3, p. 4) (emphasis added).

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2]  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993).  Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.  The Court is not permanently barring Plaintiff from bringing a meritorious claim.  It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

3